Gary A. Hecker, Esq. (Cal. Bar No. 099008)
James M. Slominski, Esq. (Cal. Bar No. 166457)
**THE HECKER LAW GROUP**
1925 Century Park East, Suite 2300
Los Angeles, California 90067
Telephone: (310) 286-0377
Facsimile: (310) 286-0488
Email: ghecker@hh.com;
jslominski@hh.com

Attorneys for Plaintiff:
J.W.P. LENDERS CORPORATION

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| J.W.P. LENDERS CORPORATION, a California corporation, dba RPM LENDERS,<br><br>Plaintiff,<br><br>v.<br><br>LOW.COM, INC., a California corporation; OVERSEE.NET, INC., a California corporation; LAWRENCE NG, an individual; FRED HSU, an individual; JEFF KUPIETZKY, an individual; and DOES 1-10 inclusive,<br><br>Defendants. | Civil Action No. CV-07-6676 GAF(PJWx)<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS OR, IN THE ALTERNATIVE, MOTION FOR MORE DEFINITE STATEMENT**<br><br>**DATE: January 14, 2008**<br>**TIME: 9:30 a.m.**<br>**CRTM: 740 (Roybal)**<br><br>**HONORABLE GARY A. FEESS, PRESIDING** |

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. SUMMARY

Plaintiff, J.W.P. LENDERS CORPORATION dba RPM LENDERS (hereinafter Plaintiff or "RPM LENDERS"), filed this action on October 16, 2007. (Docket #1). The Complaint alleges causes of action for trademark infringement and unfair competition. 15 U.S.C. §§ 1114 and 1125. On December 13, 2007, Defendants filed a Motion to Dismiss that Complaint or, in the Alternative, for a More Definite Statement. (Docket #5).

Plaintiff now opposes Defendants' Motion. It should be denied. The Complaint sufficiently set forth facts (which are to be taken as true) necessary to establish a cause of action for trademark infringement and unfair competition under controlling Ninth Circuit legal authority. Also, the Complaint is not "*unintelligible*" requiring a more definite statement.

## II. ARGUMENT

### A. Plaintiff's Complaint Properly Pleads The Required Facts For Trademark Infringement

Defendants argue that Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955 (2007) modifies FRCP 8 and sets forth a new, and heightened, pleading standard for trademark infringement causes of action. Defendants are incorrect. Subsequent to Bell Atlantic, the United States Supreme Court reaffirmed the long established federal "*notice*" pleading standard. Under FRCP 8, all that is required is: "*a short and plain statement of the claim showing that the pleader is entitled to relief.*" Erickson v. Pardus, 127 S.Ct. 2197, 2199 (2007). In that "*short and plain statement*", a party need only allege ultimate facts (which are to be taken as true), not specific evidentiary facts. Erickson, S. Ct. at 2199; see also McZeal v. Sprint Nextel Corporation, et al, 501 F.3d 1354, 1358 (Fed. Cir. 2007). There is no heightened pleading standard for trademark and unfair competition cases.

Plaintiff's Complaint satisfies FRCP 8. Specifically, the Complaint identifies the at-issue registered trademark (Complaint at ¶¶ 7-10) and further alleges: (1) that Plaintiff uses the registered trademark RPM LENDERS in connection with financial services (Complaint at ¶¶ 7-10); (2) that Defendants use that same trademark in commerce in connection with providing and/or offering to provide financial services (Complaint at ¶¶ 11, 12, and 15); (3) that Defendants do not have permission to use Plaintiff's registered trademark (Complaint at ¶¶ 11, 12, and 15); (4) that Defendants' acts are likely to cause confusion, mistake or deception as to an affiliation, connection, or association by or between Defendants and Plaintiff (Complaint at ¶¶ 13 and 16); and (5) that Defendants' actions have caused harm and damages to Plaintiff. (Complaint at ¶¶ 14 and 16).

Those factual allegations, which are to be accepted as true, are sufficient under FRCP 8 to set forth a cause of action for trademark infringement under 15 U.S.C. § 1114 (which states a person is liable for trademark infringement for any: "*use in commerce [of] any reproduction, counterfeit, copy, or colorable imitation of a registered mark in connection with the sale, offering for sale, distribution, or advertising of any goods or services on or in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive...*") and 15 U.S.C. § 1125(a) (which states a person is liable for unfair competition when: "*on or in connection with any goods or services, or any container for goods, uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which ...is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person…*").

The Defendants have been properly placed on notice of the claims being asserted against them as required by FRCP 8.

**B. Ninth Circuit Trademark Law On Internet Keywords**

Defendants argue that the allegations of Plaintiff's Complaint are limited to only a "*keyword*" issue. That simply is not true from a plain reading of the Complaint. Also, the Court should note that Defendants' own Exhibit A[1] (at page 5 (top entry on the left)) shows Defendants' misuse of Plaintiff's trademark in direct advertising to the public. That is trademark infringement regardless of whether keywords are involved or not.

The foregoing aside, under Ninth Circuit authority the unauthorized use of Plaintiff's trademark as a "*keyword*" to attract internet consumers does, in fact, constitute actionable trademark infringement. Playboy Enterprises v. Netscape Communications Corp., 354 F.3d 1020, 1024-1026 (9th Cir. 2004) (search terms that generate competitive website pop-up ads constitute "*use in commerce*" and "*appear likely to cause confusion*" so as to be actionable trademark infringement); Brookfield Communications, Inc. v. West Coast Entertainment Corp., 174 F. 3d 1036, 1061-1066 (9th Cir. 1999) (stating that including trademarks (as metatags or keywords) to drive internet consumers to a website of another is actionable trademark infringement).

Defendants' argue that a single District Court opinion from the Second Circuit makes the issue of Defendants' liability uncertain. That is not true. Ninth Circuit law is clear on this subject. The Second Circuit decision (taking an extremely narrow view of the definition of "*use in commerce*") appears to be an aberration. It is not followed in the Ninth Circuit, or for that matter in other Circuits. E.g. Edina Realty, Inc. v. TheMLSonline.com, 2006 U.S. Dist. LEXIS 13775 at *10 (D.Minn. 2006) (citing Brookfield and holding "*based on the plain meaning of the Lanham Act, the purchase of search terms is a use in commerce*"); Int'l Profit Assocs. v. Paisola, 461 F.Supp.2d 672, 676-677 (N.D.Ill. 2006); 800-JR Cigar, Inc. v. GoTo.com, Inc., 437

---

[1] Exhibit A is also evidence outside the Complaint which is improper to consider in the context of an FRCP 12 motion.

F.Supp.2d 273, 290 (D.N.J. 2006); Government Employees Insurance Co. (GEICO) v. Google, Inc., 330 F.Supp.2d 700, 702-705 (E.D.Va. 2004).

Defendants' arguments in this regard are without merit.

**C. The Complaint is Not Unintelligible**

As an alternative, Defendants move the Court to order a more definite statement under FRCP 12(e) (which provides in pertinent part: "*If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading*."). FRCP 12(e), however, only applies where a Complaint is so unintelligible that a party cannot understand the nature of the claims against it. Famolare, Inc. v. Edison Bros. Stores, Inc., 525 F.Supp. 940, 949 (E.D.Cal. 1981); Nelson v. Quimby Island Reclamation Dist., 491 F.Supp. 1364, 1385 (N.D.Cal. 1980); Boxall v. Sequoia Union High School District, 464 F.Supp. 1104, 1114 (N.D.Cal. 1979). Further, FRCP 12(e) motions are rarely granted because of the minimal pleading requirements of the Federal Rules of Civil Procedure. E.g. Sagan v. Apple Computer, Inc., 874 F.Supp. 1072, 1077 (C.D.Cal. 1994).

Plaintiff's Complaint is not unintelligible. Defendants know they are being charged with trademark infringement and unfair competition for improperly using Plaintiff's registered trademark RPM LENDERS. The evidentiary details and full extent of Defendants' trademark infringement and unfair competition are left for discovery and trial. They are not required to be set forth in the Complaint.

[continued on the next page]

## III. CONCLUSION

Plaintiff has properly alleged causes of action for trademark infringement and unfair competition. No further allegations, or amendments to the Complaint, are required.[2]

Respectfully submitted,

Dated: December 28, 2007

**THE HECKER LAW GROUP**

By: ______________________________
Gary A. Hecker, Esq.
James M. Slominski, Esq.
**THE HECKER LAW GROUP**
1925 Century Park East, Suite 2300
Los Angeles, California 90067
Telephone: (310) 286-0377
Facsimile: (310) 286-0488

Attorneys for Plaintiff
J.W.P. LENDERS CORPORATION

---

[2] If the Court deems it necessary, Plaintiff can add additional facts and would request leave to amend in the event Defendants' Motion to Dismiss was to be granted. Such leave should be freely granted. FRCP 15(a)(2); see Foman v. Davis, 371 U.S. 178, 182, 83 S.Ct. 227 (1962); Lopez v. Smith, 203 F.3d 1122, 1133 (9th Cir. 2000); see also Morongo Band of Mission Indians v. Rose, 893 F.2d 1074, 1079 (9th Cir. 1990) ("*This policy is to be applied with extreme liberality.*").